IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 1:15-cv-02982 |
| | ) Judge Jorge L. Alonso |
| | ) Magistrate Judge Michael T. Mason |
| | ) |
| | ) JURY TRIAL DEMANDED |
| BOARD OF EDUCATION | ) |
| OF THE CITY OF CHICAGO, | ) |
| a body politic and corporate, | ) |
| | ) |
| Defendant. | ) |

FILED

APR - 3 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF MARLA JOHNSON'S *PRO SE* COMPLAINT

NOW COMES Marla Johnson ("Ms. Johnson"), for herself as a *pro se* Plaintiff states as follows as her Complaint: I have been discriminated against due to my race and sex in regard to hiring, compensation, job training, work assignments, performance evaluations, terms, conditions, and privileges of my employment. I have been subjected to employment decisions based on assumptions about my abilities rather than my past experience, qualifications and credentials. I have been segregated by physically isolating me from other employees. I have been discriminated against due to my age with respect to condition, privilege of employment in hiring, compensation, denial of benefits, job assignments, and training. I have been subjected to unlawful employment discriminatory practices by agents of the Chicago Teachers Union 1 American Federation of Teachers AFL-CIO, due to my race and sex to adversely affect my status as an employee and to deprive me of employment. I have continually reported incidents of being

physically attacked, threatened with physical harm, and assaulted by staff and students of Penn Elementary School. I have been subjected to intimidation, coercion, and retaliation because I have complained and asserted my civil protected rights. My employer has consistently failed to exercise reasonable care to prevent or correct any harassment, retaliation, or demonstrate any concern for my health and safety.

## PARTIES

1. Ms. Johnson is an Illinois resident who resides in this District.

2. The Defendant is Ms. Johnson's employer and resides in this District.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper because Ms. Johnson's claims arise under Federal law.

TITLE VII of the CIVIL RIGHTS ACT of 1964 – P.L. 88-352

The Age Discrimination in Employment Act of 1967 (ADEA)

42 U.S. Code Chapter 21, Subchapter VI – Equal Employment – 2000e-3.

Unlawful employment practices

4. This Court has jurisdiction over the Defendant and this case is properly filed in this Court because the acts that Ms. Johnson is complaining of in this lawsuit took place in this District.

5. During the time periods relied upon by Ms. Johnson for this lawsuit, she proficiently performed her job duties for the Defendant.

6. Despite that, the Defendant discriminated against Ms. Johnson based upon her race, age, and gender by doing and/or not doing the following:

From the period of October 2013 to October 2014 I was not allowed to attend any outside training during school hours whereas my colleagues were continually granted this privilege. "Professional development is a mandated requirement by the Illinois State Board of Education for teacher license renewal. Professional development is also a requirement for educator's performance evaluations." (Race, Sex and Age Discrimination)

7. Since my hire at Penn Elementary School on February 1, 2013 I have not been allowed to serve on any leadership committees, even though I have made request. "Teachers and staff serving on school leadership committees receive compensation and professional credit for license renewal." (Race, Sex, and Age Discrimination)

8. I have repeatedly received low performance evaluation scores in the area of providing instruction to special education students as the School Librarian, even though I hold no certifications in special education nor am I their special education classroom teacher. (Race, Sex, and Age Discrimination)

9. My assigned schedule has been designed since 2013 to 2015 so I have never had common planning time with any of the classroom teachers. "As the School Librarian I am required in my job description and performance evaluation to collaborate with classroom teachers." "I have also never shared any common lunch times with any of the classroom teachers." (Race, Sex, and Age Discrimination)

10. I have not been provided with a "Teacher Librarian Companion Guide" provided by BOARD to assist teachers in achieving their best performance rating during evaluations. "To my knowledge as of the date of this filing a companion guide was never distributed for School Librarians." I have repeatedly inquired about the guide since I am evaluated using a different framework than other teachers. "I have received several performance evaluations by the principal

and assistant principal with them being aware I did not possess a companion guide as afforded to other teachers." (Race, Sex, And Age)

11. I was assigned Hall Duty, Lunch Duty, and Recess Duty from 2013 – 2014 in addition to my duties as the School Librarian. "The assignment these duty assignments to me were in violation of the Chicago Teachers Union Agreement." "Other classroom teachers were not assigned these duty assignments in addition to their classroom responsibilities." (Race, Sex, and Age Discrimination)

12. I was denied work opportunities (Staff Development, Consulting Teacher, and Summer School) when I held the necessary and quite often more qualifications than the selected individuals. "The hiring of selected teachers in 2014 to teach summer school for literacy violated hiring policy according to the Chicago Teachers Union Agreement." (Age Discrimination)

13. I was not paid the full monies for instructional supplies to teachers according to the Chicago Teachers Union Agreement. (Race, Sex, and Age Discrimination)

14. I have been continually required to perform janitorial duties after meetings in my workspace. The janitorial duties included moving furniture and cleaning tables with disinfectant. (Race, Age, and Sex Discrimination)

15. I was assigned duties of the classroom teachers (DIBLES testing and monitoring and Intervention) in addition to hall, lunch and recess duty and my job responsibilities as the School Librarian. "Classroom teachers are supposed to provide these services to their students." (Race, Sex, and Age Discrimination)

16. The assistant principal edited my library program "Rules" to violate the Chicago Public Schools "Student Code of Conduct" and "Grading Policy". She then distributed the "Rules" to students and parents giving them the impression I created the document. "She did not edit the "Rules" for other teachers to violate policies of the Chicago Public Schools." She also, entered online false information on my performance evaluation document online to defame my

professional integrity and affect my future hiring opportunities. (Race, Sex, and Age Discrimination)

17. Compared to the gym and art male teachers I was assigned large classes (up to forty students) twice a week with students having serious behavior problems. "Whereas the male teachers were assigned smaller classes with students who regularly demonstrated few behavior problems." "The male teachers were also given more duty free time and assigned fewer lunch and recess duty times." (Sex and Age Discrimination)

18. I have not been supported by the Chicago Teachers Union, principal or assistant principal, school security personnel, the Equal Opportunity Compliance Office, Law Department, Office of Inspector General, and other individuals I have contacted within the Chicago Public Schools seeking assistance and protection. It is my belief this lack of support has served as a catalyst for student and staff acts of violence against me.

19. As a result of attacks of violence, harassment and retaliatory behavior I have filed complaints with The Office of Civil Rights (Exhibit A) and the EEOC (Exhibit B). As a result of the acts of violence the Chicago Police Department has issued 3 Assault Reports. I have filed 3 Incident Reports, 2 grievances, 2 charges of harassment, and reported other acts of violence at the school level and to individuals within the board. Yet, investigations done by the EOCO for the BOARD have found no violations to support my claims. The first investigator for EOCO determined no violations were found by the conduct of administration or staff at school that was not my place of employment. The second investigation resulted again in "no violations". I have not returned to work since the last violent incident on February 6, 2015. I was denied assault compensation in regard to the incident. A violation of the Chicago Teachers Agreement. I applied for short-term disability and submitted medical certification from my doctor. I was denied short-term disability based on the rationale by the claims management service my doctor is not licensed to practice in his licensed area and I completed the doctor's certification. It should

be noted my doctor's name was spelled incorrectly. It should also be noted I returned the authorization unsigned due to I had to waive my protected rights by federal or state privacy laws and regulations. (See Exhibit C) It also should be noted that if my claim denied for any reason when the claim is approved I am not able to collect missed benefits. (See Exhibit D). I faxed the authorization form to (Exhibit C) to BOARD in complain of this illegal practice. I have received no response from anyone at the BOARD. Meanwhile I have been given the options by the BOARD to obtain a leave, be declared AWOL if I don't return to work, or resign. Currently it is my understanding if a person resigns he or she could face possible loss of pension and teaching licensure. I contacted Mr. Krieger at the BOARD to inform him I had submitted the "Attending Physician Statement" to the claims service for short-term disability benefits. I inquired of him also, why my serious safety concerns I have reported continually have been ignored and not addressed to ensure my safety in my current workplace? I have received no response as of the date of filing 4/3/2015.

20. By taking the actions described above in items 7 through 19, Defendant took adverse employment actions against Ms. Johnson.

21. Ms. Johnson filed a Charge of Discrimination with the EEOC within the deadline for filing.

22. The EEOC issued Ms. Johnson a Notice of Right to Sue letter requiring her to file this lawsuit on or before April 5, 2015.

23. As a result of Defendant's unlawful actions against Ms. Johnson suffered monetary and emotional damages.

**WHEREFORE**, Ms. Johnson requests that the Court rule in her favor and against the Defendant.

**Submitted by Marla Johnson**

By: _____

**Signed by Marla Johnson**

Ms. Marla Johnson
707 W. Waveland
Apartment No. 1212
Chicago, IL 60613

*DO NOT AUTHORIZE* ↓
*PLEASE SPECIFY* ↓
*DO NOT DISCLOSE* ↓
*HIPAA PRIVACY RULES* →
*I DO NOT WAIVE* ↓

# AUTHORIZATION FOR RELEASE AND USE OF MEDICAL INFORMATION

I authorize each of the parties identified below to use and disclose any and all of my individually identifiable medical or health information, as described below, for purposes of administering my claim or request for reasonable accommodation. <u>I understand that the information about me that I authorize to be used or disclosed may be re-disclosed in accordance with the terms of this Authorization by the recipient thereof and may no longer be protected by federal or state privacy laws or regulations.</u>

*I REFUSE TO WAIVE ANY PROTECTED RIGHTS C/FEDERAL, STATE, LAWS (PRIVACY/SECURITY OR REGULATIONS*

*DO NOT AUTHORIZE* ↓

I specifically authorize physicians, nurses and hospitals to communicate my individually identifiable medical or health information by any means, including written or telephonic communications or by direct interview, whether or not I am present during, or notified of, such communications, and I hereby authorize Sedgwick Claims Management Services, Inc. ("Sedgwick") to initiate and conduct such communications whether or not I am present or have received notice thereof.

*HIPPA EDI and PRIVACY COMPLAINANT MUST BE COMPLAINANT* ←

*HIPPA RULES/FMLA* ↓

1. **What Information is covered by this Authorization?** This authorization applies to all medical and non-medical information that is needed by CPS, its parent, subsidiaries and affiliates, its administrators including Sedgwick, and its insurers, related to any of the following: request for reasonable accommodation; workers' compensation claim; claim for disability benefits; claim for FMLA; or claim for leave. My information to be disclosed may include, but is not limited to, medical or health history, chart notes, prescriptions, diagnostic test results, x-ray reports, records received from other health care providers, information regarding pre-existing health or medical conditions or illnesses, as well as my occupation and employment activities, employee/employment records, earnings or finances, applications for insurance coverage, prior claim files and claim history.

*HIPPA PRIVACY SECURITY RULES* ↓

If directly related to my claimed condition or illness, this information may include the following, **Please check yes or no and initial**:

| | | | | |
|---|---|---|---|---|
| HIV test results, HIV or AIDS information. | YES ☐ | NO ☐ | Initial here | N/A |
| Psychiatric information. | YES ☐ | NO ☐ | Initial here | N/A |
| Information related to drug or alcohol abuse. | YES ☐ | NO ☐ | Initial here | N/A |

*FOR WHAT PURPOSE? (SPECIFY) HIPPA PRIVACY SECURITY RULES* ↓

2. **Who may disclose and receive Information under this Authorization?**
   A. Any person or facility that attends, treats or examines me, any financial institution, accountant, tax preparer, insurance company, consumer reporting agency, insurance support organization, employers, government agencies including the Social Security Administration, or any other person or organization that possesses any of the information described above, is to make this information available to CPS, its parent, subsidiaries and affiliates, insurers or administrators, including Sedgwick; and or any of its agents, representatives or independent contractors.

   B. When relevant to my claim, Sedgwick to re-disclose (without my further authorization) any and all of my individually identifiable medical or health information (whether obtained pursuant to this authorization or otherwise from any person or entity) to any of the following, (a) Any person or facility that attends, treats or examines me; (b) Any person or facility that impacts determination of my claim or that coordinates my benefits; (c) My

*HIPPA PRIVACY HIPPA SECURITY* ←

Page 1 of 2



*C18295874-338-2535*

*[Handwritten margin note, top left:]* HIPAA PRIVACY/SECURITY →

*[Handwritten margin note, top right:]* PLEASE SPECIFY PURPOSE ←

employer and its affiliates and their representatives, independent contractors and service providers that may receive any such information from my employer to the extent permitted by state or federal law; (d) service providers for my long term disability claim or workers' compensation claim or (e) The Social Security Administration or a social security or vocational rehabilitation vendor. Sedgwick may use my information obtained pursuant to this authorization in any other claim matter that Sedgwick may administer or handle related to me.

*[Handwritten margin note, left:]* HIPAA PRIVACY SECURITY COMPLAINANT →

3. **How long this Authorization is Valid?** This authorization is valid during the duration of my claim(s) and any future related claims, unless a different period is required under applicable federal or state law.

4. **Revocation of this Authorization.** Unless otherwise provided by federal or state law, I understand that I may revoke this authorization at any time by notifying, in writing, Sedgwick at , PO Box 14566; Lexington, KY 40512-4566; Fax: 859-264-4377 of my revocation and that my revocation shall be effective upon Sedgwick's receipt of my notice of revocation. I also understand that my revocation of this Authorization will not have any effect on any actions taken by Sedgwick before it receives my revocation.

*[Handwritten margin note, right:]* FMLA LAW ✓

5. **Processing of Claims.** I understand that this Authorization is generally necessary for the processing of my claim or request for reasonable accommodation. Failure to sign this Authorization may impair or impede the processing of my claim or request for reasonable accommodation.

*[Handwritten margin note, right:]* THREAT ←

6. **Refusal To Sign.** I further understand my health care providers will not condition my treatment, payment, enrollment or eligibility on my refusal to sign this Authorization.

I understand that I have the right to request and receive a copy of this authorization. I understand that I have the right to inspect the disclosed information at any time. A photocopy of this authorization shall be valid and is to be accepted with the same effect as the original.

*[Handwritten arrow pointing down at left]*

"The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic information,' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services."

| | |
|---|---|
| MARLA S. JOHNSON | N/A |
| Printed Name of Patient or Patient's Representative | Representative's Relationship to Patient, if applicable |
| 30153591551-0001   *SEE COMMENTS* | 9-7-1958 |
| Claim Number   Last 4 Digits of Patient's SSN | Patient's Date of Birth |
| N/A | N/A |
| Signature of Patient or Patient's Representative | Date Signed |

*[Handwritten at bottom:]* WILL PROVIDE SIGNATURE WHEN AUTHORIZATION IS COMPLAINANT WITH HIPAA (PRIVACY-SECURITY), HITECH ACT OF 2009, FMLA, OCR, HUMAN RIGHTS LAWS/REGULATIONS (FEDERAL/STATE)

Page 2 of 2

*C18295874.338-2535*

Case: 1:15-cv-02982 Document #: 1 Filed: 04/03/15 Page 10 of 14 PageID #:10

### Acknowledgement of Start/Stop Benefits

I, _Marla Johnson_, acknowledge that Short-term disability benefits are only provided during regular scheduled work time. My STD benefits and income loss payments are not covered during any scheduled unpaid periods such as fall, winter, spring, and summer breaks and intersessions. Holiday pay during a STD period will be paid by CPS and that day will not count towards the 90 day max.

In the event my approved disability period overlaps into one of the above-mentioned unpaid periods, my disability benefits will stop, and disability payments will not be made, nor will those days count towards my 90 day max. Only during the periods of paid holidays, fall, winter, and spring breaks and intersessions will an automatic continuance of STD benefits restart at my next regular scheduled work day.

If my disability overlaps into the summer break period then my existing STD claim will close on the last effective date of my regular scheduled work day. If I am still disabled at the beginning of the school year, I must call in and submit a new claim. If my disability does not exceed the one-year eligibility period, then I will continue my 90 days from the previous claim period.

### Acknowledgement of Sick Day Bank Usage

As part of my STD benefits, I, _Marla Johnson_, authorize Sedgwick to supplement the STD payment in days 31 through 90 to reach 100% income during such period by usage of my sick day banks. I acknowledge that usage of these days must be in accordance with Chicago Public Schools' sick day policy.

**Please indicate below the appropriate bank(s) for usage during days 31 – 90.**

### CPS Employees

Current _____    CTU __X__    Grandfathered_____    Outside Agency_____

I acknowledge that this form must be signed and authorized in order for Sedgwick to supplement sick days for income loss during STD.

**Important note:** There will be no retroactive sick day usage if you fail to return this form.

_Marla Johnson_
Signature

_3-19-2015_
Date

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Marla Johnson<br>707 West Waveland<br>Apt. 1212<br>Chicago, IL 60613 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐   On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-00453 | Charles E. Kolliker,<br>Investigator | (312) 869-8026 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman*     1/5/15

Julianne Bowman,<br>Acting District Director     *(Date Mailed)*

Enclosures(s)

cc:   Linda Hogan<br>Senior Assistant General Counsel<br>**LAW DEPARTMENT**<br>**Board of Education of the City of Chicago**<br>One North Dearborn, Suite 900<br>Chicago, IL 60602

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>440-2015-00453 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Marla Johnson** | Home Phone (Incl. Area Code)<br>**(773) 484-7761** | Date of Birth<br>**09-7-1958** |
|---|---|---|

Street Address: **707 West Waveland, Apt. 1212, Chicago, IL**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**BOARD OF EDUCATION OF THE CITY OF CHICAGO** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(773) 534-1665** |
|---|---|---|

Street Address: **William Penn Elementary School, 1616 South Avers, Chicago, IL 60623**

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: _____ Latest: **6-18-2014**
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around 1995. My current position is School Librarian. During my employment, I have been subjected to different terms and conditions of employment then that of younger, male, non-Black employees, including, but not limited to work place violence, denial of training and additional work duties. I have complained to the Respondent to no avail.

I believe that I have been discriminated against because of my race, Black, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of my age 56 (September 7, 1958) and in retaliation, in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 05, 2014
Date — *Charging Party Signature* (signed: Marla Johnson)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS

500 WEST MADISON ST., SUITE 1475
CHICAGO, IL 60661-4544

REGION V
ILLINOIS
INDIANA
IOWA
MINNESOTA
NORTH DAKOTA
WISCONSIN

October 14, 2014

Ms. Marla Johnson
707 Waveland
Apartment 212
Chicago, Illinois 60613

Re: OCR Docket # 05-14-1341

Dear Ms. Johnson:

The U.S. Department of Education (Department), Office for Civil Rights (OCR), has received and evaluated the above-referenced complaint filed with OCR on September 15, 2014, against the Chicago Public Schools District #299 (District) alleging individual employment discrimination on the bases of race, sex, and age.

Specifically, you allege that the District discriminated against you, a teacher at the Penn School (School) on the basis of your race (African American), sex (female), and age (over forty) in that it:
1) allowed you only 4 lunch periods per week; and
2) did not provide you with the same training opportunities as other employees.

In addition, you allege that:
3) working conditions at the School are not safe.

OCR enforces Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and its implementing regulation, 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color or national origin by recipients of Federal financial assistance. OCR also enforces Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and its implementing regulation, 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education programs or activities operated by recipients of Federal financial assistance, and the Age Discrimination Act of 1975 (Age Act), 42 U.S.C. §§ 6102-6103, and its implementing regulation, 34 C.F.R. Part 110, which prohibit discrimination on the basis of age by recipients of Federal financial assistance.

Allegations 1 and 2

The District receives Federal financial assistance from the Department and is therefore generally subject to the federal laws that OCR enforces. Government-wide regulations nevertheless require us to refer your allegations of employment discrimination against the District to the Equal Employment Opportunity Commission (EEOC) for further action. The EEOC may have authority to investigate your allegations of employment discrimination based on race and sex under Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment on those bases. The EEOC also may have authority to investigate your allegation

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

www.ed.gov

Page 2 – Ms. Johnson
OCR Docket #05-14-1341

of employment discrimination based on age under the Age Discrimination in Employment Act of 1967. OCR does not have jurisdiction to investigation allegations of employment discrimination based on age.

We are referring allegations 1 and 2 to the EEOC at the following address:

> U.S. Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street, Suite 2000
> Chicago, Illinois 60661
> 1-800-669-4000

The EEOC will consider your complaint to be received on the date that OCR received it, unless the EEOC received an earlier complaint. In accordance with government-wide regulations, we are notifying District that a complaint alleging employment discrimination on the basis of race and sex has been filed and that it has been referred to the EEOC.

Allegation 3

Section 104 of OCR's *Case Processing Manual* provides that OCR may close a complaint if it does not have subject matter jurisdiction over the complaint. It also provides that, for OCR to establish jurisdiction, the complaint must allege, or OCR must be able to infer from the facts given, an allegation of: 1) discrimination based on race, color, national origin, sex, disability or age, 2) discrimination in violation of the Boy Scouts of America Equal Access Act of 2001, or 3) retaliation for the purpose of interfering with any right or privilege secured by the civil rights laws enforced by OCR, or as a result of making a complaint, testifying, or participating in any manner in an OCR proceeding. 34 C.F.R. §§ 100.7(e), 104.61, 106.71, 108.9, 110.34; 28 C.F.R. § 35.134.

On September 24, 2014, in a conversation with an OCR staff member, you did not assert that the District created unsafe working conditions at the School for you because of your race, color, national origin, sex, disability, or age. As you did not allege that District discriminated against you on the basis of your race, color, national origin, sex, disability or age when it allowed working conditions in the School to be unsafe, OCR does not have jurisdiction over this allegation. Therefore, OCR is dismissing Allegation 3, effective the date of this letter.

This letter sets for the OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. You may file a private suit in federal court, whether or not OCR finds a violation.

This concludes OCR's consideration of this matter. If you have any questions, please contact the EEOC at the number shown above or Mr. Mark Erickson at 312-730-1574 or by email at Mark.Erickson@ed.gov.